IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| CARLOS ASHLEY, #351651 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:10cv133 |
| WARDEN OLIVER, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Carlos Ashley, a prisoner previously confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The sole remaining defendant is Warden Gregory Oliver. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The present memorandum opinion concerns Defendant Oliver's motion for summary judgment (docket entry #33). The Plaintiff did not file a response.

History of the Case

The original complaint was filed on September 27, 2010. The Plaintiff complained that he had been denied dentures and the right to practice his religion. On April 7, 2011, an evidentiary hearing was conducted, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. Following the hearing, the Defendants were ordered to respond to the Plaintiff's claims. The Defendants filed an answer on May 18, 2011. They also filed a motion to sever the

1

Plaintiff's claims into two lawsuits, which was granted. This lawsuit concerns the Plaintiff's religion claims.

## Facts of the Case

The Plaintiff testified that he is a Cherokee Indian. He wants to be able to practice his Native American religion. He was able to practice his religion until he was transferred to the Eastham Unit. The Plaintiff testified that he wants to participate in Native American religious ceremonies, such as the Indian war dance and buffalo dance. Four units accommodate inmates who practice the Native American religion. He wants accommodations to be made at the Eastham Unit to enable him to practice his religion or, alternatively, a transfer to another unit. He also asked for compensatory, nominal and punitive damages, along with any additional relief that is deemed just, proper and equitable.

## Motion for Summary Judgment

Warden Oliver filed a motion for summary judgment (docket entry #33) on August 26, 2011. He noted at the outset that the Plaintiff has been transferred to the Connally Unit, a designated Native American Unit. He argued that he is entitled to summary judgment because the Plaintiff's requested injunctive relief is moot, because the Plaintiff is barred from seeking damages, because he lacked any personal involvement in the action, and because he is entitled to qualified immunity. In support of the motion, he attached an affidavit from the Director of the Chaplaincy Department Billy Pierce, relevant disciplinary and classification records, and relevant chaplaincy records.

Chaplain Pierce noted in his affidavit that prison records reveal that the Plaintiff has designated his faith preference to be Native American. On August 18, 2010, the Chaplaincy Department received a request from the Plaintiff to be transferred to a Native American Unit. Under Chaplaincy Manual

Policy 9.04, the opportunity to be transferred to a Native American Unit is limited to inmates whose custody levels are G1, G2 and G3. In other words, inmates who pose less of a security risk. The Plaintiff had a G4 custody level at the time and was ineligible for a transfer. On July 21, 2011, the Unit Classification Committee changed his classification to a G2 custody level, which made him eligible for a transfer. A transfer was approved on August 12, 2011. The Plaintiff arrived at the Connally Unit on August 19, 2011.

The Chaplaincy Manual regarding policies involving the Native American religion references *Yellowquill v. Scott*, No. H-95-1080 (S.D. Tex.), which was dismissed as a result of a settlement agreement in 1998.

The details of Warden Oliver's legal arguments will be fully analyzed in the Discussion and Analysis section of this Memorandum Opinion.

Plaintiff's Response

The Plaintiff did not file a response to the motion for summary despite the deadline specified in the Scheduling Order.

Discussion and Analysis

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001); *Ragas v. Koch Gateway Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). All reasonable inferences are drawn in favor of the non-moving party, but the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

It should be noted that the Plaintiff's failure to respond to the motion for summary judgment reflects a lack of due diligence in prosecuting the case. *See Martinez v. Johnson*, 104 F.3d 769 (5th

Cir. 1997) (affirming dismissal for want of prosecution based on inmate's failure to respond to a summary judgment motion as ordered by the court). Indeed, the Court has not heard from him at all since June 2011. He did not comply with the deadlines in the Scheduling Order to submit a notice of disclosure and a response to the motion for summary judgment. He likewise failed to provide the Court with a change of address when he was transferred to the Connally Unit. At a minimum, the case should be dismissed for want of prosecution.

With respect to the motion for summary judgment, Warden Oliver initially argued that he is entitled to summary judgment because the request for injunctive relief is moot. The Plaintiff was transferred to a designated Native American unit as requested. Warden Oliver argued that the issue of whether the Plaintiff should be transferred to a Native American unit is thus moot.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990). Many of the arguments raised by Warden Oliver were previously analyzed in *Sossamon v. Lone Star State of Texas*, 560 F.3d 316 (5th Cir. 2009), *aff'd*, 131 S.Ct. 1651 (2011). The Fifth Circuit found that the Texas prison system's cessation of a policy that prevented general population inmates on cell restrictions from attending religious services had the effect of mooting the plaintiff's request for injunctive and declaratory relief. 560 F.3d at 326. The Plaintiff's request for injunctive relief became moot when he was transferred to a Native American unit.

Warden Oliver next argued that the Plaintiff is barred from seeking damages. He correctly argued that he is entitled to Eleventh Amendment immunity to the extent that the Plaintiff is seeking damages from him for actions taken in his official capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985). Since the Plaintiff did not sustain a physical injury, he is also barred by the PLRA from

seeking compensatory damages for emotional injuries under either the Free Exercise Clause or RLUIPA. *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). Warden Oliver also correctly argued that the Plaintiff is not entitled to any damages under RLUIPA in light of *Sossamon*, *supra*.

The Plaintiff potentially may obtain damages against Warden Oliver only with respect to his Free Exercise Clause claim. However, in order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Plaintiff has not shown that Warden Oliver had any personal involvement in this matter. He likewise failed to show any causal connection between Warden Oliver and a constitutional deprivation in order to hold Oliver liable. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Warden Oliver correctly argued that he is entitled to summary judgment because he had no personal involvement in this matter.

Warden Oliver correctly noted that if the Plaintiff had shown that he was potentially entitled to damages, he would still be entitled to summary judgment based on qualified immunity. The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). A two-step process has traditionally been employed in evaluating the defense of qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). Under the traditional approach, a court must first consider whether "the facts alleged show the officer's conduct

violated a constitutional right." *Id.* at 201. Second, if the plaintiff has satisfied the first step, courts are required to decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* "To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citations omitted). More recently, the Supreme Court held that a case may be dismissed based on either step in the qualified immunity analysis: "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009).

In the present case, the Plaintiff has not shown that Warden Oliver violated his constitutional rights. He likewise failed to show or even address the issue of whether Warden Oliver's actions were objectively unreasonable in light of clearly established law. It should be noted that the policies regarding Native American worshipers were established in conjunction with the *Yellowquill* case. The Plaintiff has not shown that Warden Oliver transgressed the policies developed as a result of the *Yellowquill* case. The Plaintiff failed to satisfy either prong in the qualified immunity analysis in order to overcome Warden Oliver's right to summary judgment based on qualified immunity.

In conclusion, Warden Oliver has shown that he is entitled to summary judgment with respect to each and every argument presented by him. The motion for summary judgment should be granted. It is accordingly

**ORDERED** that the motion for summary judgment (docket entry #33) is **GRANTED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **6** day of **October, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE